Electronically FILED by Superior Court of California, County of Los Angeles on 02/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chanes,Deputy Clerk
21NWCV00105

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Zones Inc., Zones LLC, Ultipro Inc.,Ultipro, The Ultimate Software Group Inc. UKG Inc. Rose Capistran, Nate McChesney, Nathan Remaly

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

James Arthur Ortega

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Norwalk Courthouse
12720 Norwalk Blvd
Norwalk, CA 90650

CASE NUMBER:
*(Número del Caso):*
21NWCV00105

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy Donahue (110501), L/O of Timothy Donahue, 374 S. Glassell St., Orange, CA 92866 (714)289-2445

DATE: 02/22/2021 *(Fecha)* Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* E. Chanes , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [XX] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

21NWCV00103
Assigned for all purposes to: Norwalk Courthouse, Judicial Officer: Margaret Bernal
Electronically FILED by Superior Court of California, County of Los Angeles on 02/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chanes,Deputy Clerk

Timothy J. Donahue, SBN No. 110501
LAW OFFICES OF TIMOTHY J. DONAHUE
374 South Glassell Street
Orange, CA 92866
Telephone: (714) 289-2445
Facsimile: (714) 289-2450

Attorney for Plaintiff,
James Arthur Ortega

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| James Arthur Ortega,<br><br>Plaintiff,<br><br>vs.<br><br>Zones Inc., Zones LLC, Ultipro Inc.,Ultipro, The Ultimate Software Group Inc. UKG Inc. Rose Capistran, Nate McChesney, Nathan Remaly and DOES 1 through 10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Wrongful Termination - GC 12940(a)**<br>**2. Failure to Pay Overtime Wages, California Labor Code §1194.510(a) and California Code of Regulations §11040**<br>**3. Failure to Provide Meal & Rest Periods California Labor Code §§226.7, 512; IWC Wage Order 5**<br>**4. Failure to Pay Discharged Employee Labor Code §§201, 202 and 203**<br>**5. Violation Labor Code §§206.5**<br>**6. Failure to Provide Correct Itemized Statement to Employee Labor Code §226**<br>**7. Unfair Business Practices California Business & Professions Code §17200 et Seq.**<br>**8. Termination in Violation of Public Policy** |

GENERAL ALLEGATIONS

Plaintiff James Arthur Ortega, allege as follows:

1. Defendants and each of them have caused harm to plaintiff, as set forth herein.

2. At all times stated herein, plaintiff was employed , hired, controlled, monitored and paid by and through defendants, including individual defendants. The individual defendants (hereinafter "individual defendants" ) are Rose Capistran, Nate McChesney, Nathan Remaly. At all times relevant, plaintiff was employed by defendants and defendants were the joint employers of plaintiff. Plaintiff was employed by defendants, in the city of Cerritos, County of Los Angeles, state of California.

3. At all times stated, defendants and each of them, including Does 1 through 10, were in some manner liable, negligent and responsible, to plaintiff for the loss harm and damage suffered. Defendants and each of them, including Does 1 through 10 authorized, ratified and approved, the wrongful conduct resulting in loss and harm to plaintiff. Plaintiff is unaware of the true names and capacities of Doe defendants, and reserves the right CCP §474, to amend this complaint when their identities have been ascertained. During the applicable statute of limitations, defendants and each of them wrongfully, unfairly and improperly caused loss and harm to plaintiff, as set forth herein..

4. Plaintiff was employed by defendants, for approximately 7 1/2 years, until May 13, 2020, at which time plaintiff suffered a wrongful termination. At the time of termination, plaintiff was over 40 years of age. Plaintiff worked For defendants in their warehouse and was supposed to be paid an hourly wage.. Defendants and each of them improperly, unreasonably, and wrongfully discriminated against plaintiff, in the firing which occurred May 13, 2020, after plaintiff reported an injury/disability. Defendants engaged in a cover-up and developed a pretext for the firing of plaintiff.

5. Defendants required plaintiff to work overtime, throughout the years but refused to pay overtime. Defendants required plaintiffs to work without rest breaks and/or throughout the rest breaks, that were sometimes provided. Plaintiff was not allowed to take lunch breaks and/or not allowed to take timely lunch breaks and rest breaks. Defendants required plaintiffs to work long hours, and sometimes six days a week. At times, plaintiff became extremely tired, because defendants refuse to allow plaintiff a seat; which she could have used to perform her job. At all times relevant, defendants refused to assist or accommodate plaintiff, for injuries/disability..

6. Defendants did pay plaintiff some wages, but not all wages. Plaintiff is still waiting to be paid all of her wages, since he was wrongfully terminated on May 13, 2020. The agreed rate of pay was $23.09 an hour. Defendants failed and refused to pay overtime and failed and refused to pay premium time penalties, for lunch and meal violations. Defendants have not paid plaintiff for vacation and/or sick leave, which was accrued. Defendants wrongfully, illegally, deceptively and unfairly made deductions from plaintiffs paycheck. The improper deductions were for such things as phony short-term and long-term disability plans. The plans were worthless.

7. In the calendar year 2017, and 2019, plaintiff repeatedly requested proper treatment and proper payment of wages. Defendants and each of them failed and refused, and harassed plaintiff, because of these requests. On August 4, 2019, plaintiff requested payment or assistance from defendants, for the disability policy. Defendants failed and refused toto provide any benefits or assistance . Plaintiff requested restitution for money wasted on the worthless policy. Defendants refused. In September 2019, and thereafter, defendants intimidated, harassed and threatened plaintiff after he was injured on the job and requested assistance. Plaintiff's on the job injury occurred in mid-2019. Plaintiff was entitled to workers compensation benefits but defendants falsely, fraudulently and improperly put plaintiff on FMLA instead. Plaintiff returned to work in or about September 2019. Plaintiff had been off work for approximately (2) two months .

8. Defendants engaged in a pattern and practice, of harassing injured employees including plaintiff, in violation of title VII. Among other things, defendants attempted to trick plaintiff, into quitting, when he refused, he was fired. Defendants had no legitimate basis for terminating plaintiff. Defendants retaliated against plaintiff based on his age/disability..

9. Plaintiff has obtained a right to sue letter, FROM THE DEPARTMENT OF FAIR EMPLOYMENT HOUSING. See Exhibit 1, attached hereto and incorporated by reference as though set forth at length. At the time of plaintiff's wrongful termination, defendants knew that it was illegal and improper to fire plaintiff on the basis of his medical condition and request for leave. Despite this, defendants proceeded to fire plaintiff, on the basis of his age and/or disability.

## FIRST CAUSE OF ACTION

**(Wrongful Termination - GC 12940(a) Against Business Defendants)**

10. Plaintiff incorporates all of the preceding paragraphs as though set forth at length herein. This cause of action is not against the individual defendants.

11. Plaintiff was employed by an work for defendants, for about 7 1/2 years. On May 13, 2020, plaintiff was a member of a protected class. Defendants and each of them were aware of plaintiff's age and disability/injury. Defendants had no legitimate nondiscriminatory reason for firing plaintiff, but simply fired plaintiff because of his age, request for leave and/or disability.

12. Plaintiff was employed by an work for defendants, for about 7 1/2 years. On May 13, 2020, plaintiff was a member of a protected class. Defendants and each of them were aware of plaintiff's age, injury/disability and need for medical leave, per CFRA. Defendants had no legitimate nondiscriminatory reason for firing plaintiff, but simply fired plaintiff because of his age, injury and need for medical leave.

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Wages in Violation of Labor Code §§1194 and 510, a Violation of California Code of Regulations §11040 Against all Defendants)**

13. Plaintiff allege and incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

14. Plaintiff is informed and believe, and thereon allege, at all times relevant to employment by defendants, **California Labor Code §510(a), 1194** and IWC wage orders, were in full force and effect, and binding upon defendants. The statutes and wage orders require defendants to pay Plaintiffs 1 ½ times the regular rate of pay for each hour of work performed, in excess of eight hours per workday and/or in excess of 40 hours per each work week.

15. Plaintiff is informed and believes, and thereon allege, that defendants failed to pay at a rate of 1 ½ times their regular rate of pay, for all hours worked, in excess of 8 hours per each work day and/or in excess of 40 hours in each work week. Defendants failed and refused to pay all wages. Defendants engaged in deceptive rounding tactics..

16. As a result of the unlawful acts of defendants, Plaintiff is entitled to recover unpaid overtime wages in an amount to be proven at trial, pre-judgment interest, attorneys fees and costs, pursuant to **California Labor Code §1194.**

**THIRD CAUSE OF ACTION**

**(Failure to Provide Meal and Rest periods, Violation of California Labor Code §§226.7 and 512; Violation of IWC Wage Order 5 Against all Defendants)**

17. Plaintiff allege and incorporate by reference, each and every allegation contained in the preceding paragraphs, as though set at length herein.

18. Plaintiff is informed and believe, and thereon allege, that **California Labor Code §§512 and 226.7**, were in full force and effect, and binding on defendants, during all times mentioned in this complaint. Said sections require employers to comply with all IWC wage orders governing meal and rest periods.

19. Plaintiff is informed and believe, and thereon allege, that the IWC wage orders were in full force and effect, and govern when employers, including these defendants, must give employee breaks for meal and rest periods. The wage orders state in pertinent part, employers must provide at least 30 minutes of meal, for every eight hours of work and another 30 minutes if the work is 10 hours or more. Furthermore, the IWC wage orders state in pertinent part, that employees must be given at least a 10 minute rest for every four hours of work, or major fraction thereof.

20. Plaintiff is informed and believe, and thereon allege, that defendants failed to provide proper meal and rest periods in violation of IWC wage orders and **California Labor Code §§ 226.7 and 512**. Defendants failed to provide uninterrupted meal periods for the full 30 minutes as required by California law.

21. Plaintiff is informed and believe, and thereon allege, that the IWC Wage Orders in the California Labor Code mandate, that defendants pay to plaintiffs one hour of pay at plaintiffs' regular rate of pay, every missed meal and rest. Plaintiff is thereby entitled to these penalties in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Discharged Employee; Violation of Labor Code §§ 201 and 203 Against all Defendants)**

22. Plaintiff allege and incorporate by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

23. At all times mentioned in this complaint, **California Labor Code §§201 and 203**, were in full force and effect, and binding on defendants. Said sections require an employer to pay all unpaid and earned wages to an employee, immediately upon discharge.

24. Plaintiff is informed and believe, and thereon allege, that defendants refused and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge.

25. As a result of defendants' violation of **Labor Code §§201and 203,** Plaintiff is entitled to penalties under **Labor Code §203**, which provides that upon violation of **Labor Code § 201**, the wages of the employee shall continue as a penalty from the date thereof, at the same rate until paid, or until an action is commenced, but such wages shall not continue for more than 30 days.

**FIFTH CAUSE OF ACTION**

**(Illegal Release of Wages, Violation of California Labor Code §§ 206.5 Against all Defendants)**

26. Plaintiff incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

27. At all times herein set forth, **California Labor Code sections 206.5** provide that an employer must pay all wages due and may not take or insist upon a release for payment of wages.

28. Plaintiff was pressured to sign a void enforceable release on or about May 13, 2020 for money and wages that were not fully reimbursed by defendants, including and without limitation, transportation, medical expenses and related items that resulted from her employment with defendants. Specifically, defendants required plaintiff to sign this alleged release, when being fired and without prospects of a job, in order for plaintiff to be paid . Defendants had, and

continue to have, a policy of tricking employees/plaintiff and pressuring for a signature. Defendants provided and offered no cancellation. Or holding period.

29. Defendants have intentionally and willfully failed to fully reimburse Plaintiff for necessary related wages,expenses and costs.

30. Defendants' conduct violates **California Labor Code Sections 206.5.**

31. Plaintiff is entitled to recover from defendants their business-related expenses incurred during the course and scope of their employment, plus interest, and an award of costs and reasonable attorney's fees pursuant to **California Labor Code section 206.5**.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Correct Itemized Statement to Employee; Violation of Labor Code §226 Against all Defendants)**

32. Plaintiff alleges and incorporates by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

33. Plaintiff is informed and believes and thereon alleges, that defendants are required by law, to provide a proper itemized statement to Plaintiff, under **Labor Code §226**. Said section requires employers to give an itemized statement to an employee at every pay period, which includes a gross wages earned, total hours worked, all deductions, and the wages earned, for which the period was paid, employee's name and Social Security number, name and address of employer and all applicable hourly rates. Defendants are required to pay to the appropriate governmental agency, all deductions taken from the employee's pay.

34. At all times mentioned in this complaint, **California Labor Code §226,** was in full force and effect and binding upon defendants.

35. Notwithstanding the requirements of **Labor Code §226**, plaintiff(s) received improper and false itemized statements. Defendants and each of them were complicit in a shell game, of hide and seek.Defendants made it impossible for plaintiff to determine who was paying what when. The pay stubs were false and defendants engaged in illegal rounding, in violation of **Labor Code §226**.

36. Plaintiff is informed and believes, and thereon alleges, that they entitled to penalties for failure to maintain proper and correct itemized statements, in violation of **Labor Code §226**, in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**(Unfair Business Practices; Violation of Business & Professions Code §17200 et seq. Against all Defendants)**

37. Plaintiff alleges and incorporate by reference, each and every allegation contained in the preceding paragraphs, as though set forth at length herein.

38. At all times herein mentioned, **California Business and Professions Code §17200 et seq.**, was in full force and effect, and binding upon defendants. Said sections prohibit defendants from engaging in unfair practices, including, but not limited to, failure to pay proper overtime wages and to pay all wages owed to the Plaintiff.

39. Plaintiff is informed and believes, that defendants engaged in unlawful business practices in violation of **California Business and Professions Code §17200 et seq.**, failing to pay overtime wages and failing to pay all wages owed to Plaintiff. Therefore, Plaintiff is entitled to restitution, For sale and promotion by defendants, of false, phony and fraudulent disability plans.Plaintiff is entitled to injunctive relief and pursuant to **California Business and Professions Code §§17203 and 17208**, in an amount according to proof at trial.

40. Plaintiff was tricked and deceived by defendants, including individual defendants into buying disability insurance . The disability insurance peddled by defendants was worthless. Plaintiff seeks restitution of all premiums deducted by defendants from plaintiff's paychecks.

41. Defendants have intentionally and willfully taken money from plaintiffs under false pretenses.

42. Defendants' conduct violates **California Labor Code Sections 2800** and **2802**.

43. Plaintiff is entitled to recover from defendants their business-related expenses incurred during the course and scope of their employment, plus interest, and an award of costs and reasonable attorney's fees pursuant to **California Labor Code section 2802**.

44. Plaintiff is informed and believes, that defendants engaged in unlawful business practices in violation of **California Business and Professions Code §17200 et seq.**, failing to pay overtime wages and failing to pay all wages owed to Plaintiff. Therefore, Plaintiff is entitled to restitution pursuant to **California Business and Professions Code §§17203 and 17208**, in an amount according to proof at trial.

**EIGHTH CAUSE OF ACTION**

**(Wrongful Termination Public Policy- Against Business Defendants)**

45. Plaintiff incorporates, as though repeated and restated herein, paragraphs 1--12. This cause of action is not against the individual defendants..

54. Plaintiff was injured on the job, and suffered injury/disability. Defendants wrongfully insisted that plaintiff go on FMLA. That way plaintiff would receive no benefits and defendant would not have to submit a claim to their workers compensation carrier .

55. Defendants and each of them have engaged in unfair business practices and failed to comply with Govt. Code 12940(a), based on plaintiffs age, medical condition/work injury. Plaintiffs seek recovery of all penalties and attorneys fees as authorized by law, for violation of public policy and improper payment of wages.

56. Defendants are liable and, for maintaining and implementing improper public policy and improper Harassment and retaliation based upon complaints/request for payment of wages and hours to employees, including, set forth herein.

**PRAYER FOR RELIEF**

On information and belief, plaintiff's damages, as set forth below are less than $75,000. Plaintiff reserves the right to perform discovery and amend said prayer for damages. Plaintiff prays for judgment against defendants as follows:

1. For all economic damages caused, and according to proof, as authorized by law;
2. For all noneconomic damages caused, and according to proof, as authorized by law;

3. For injunctive relief and equitable relief, according to proof, as authorized by law;

4. For civil penalties, as authorized by law, according to proof;

5. For punitive damages, according to proof, as may be authorized by law;

6. For attorneys fees, as authorized by law, according to proof;

7. For prejudgment interest, as authorized by law, and according to proof;

8. For costs of suit, as authorized by law, according to proof; and

9. For all further relief, as may be authorized by this court.

DATED: February 19, 2021                LAW OFFICES OF TIMOTHY J. DONAHUE

By:   /s/Timothy J. Donahue
                Timothy J. Donahue
                Attorney for Plaintiff,
                James Arthur Ortega

# Exhibit 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 19, 2021

Timothy Donahue
374 S GLASSELL ST
ORANGE, California 92866

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202102-12666419
Right to Sue: ORTEGA / ZONES INC OF WASHINTON et al.

Dear Timothy Donahue:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 19, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202102-12666419
Right to Sue: ORTEGA / ZONES INC OF WASHINTON et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 19, 2021

JAMES ARTHUR ORTEGA
15519 1/2 EUCALYPTUS AVENUE
BELLFLOWER, California 90706

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202102-12666419
Right to Sue: ORTEGA / ZONES INC OF WASHINTON et al.

Dear JAMES ARTHUR ORTEGA:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 19, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
JAMES ARTHUR ORTEGA

DFEH No. 202102-12666419

Complainant,

vs.

ZONES INC OF WASHINTON
13915 CERRITOS CORPORATE DR STE A
CERRITOS, California 90703

ZONES INC
1102 15TH STREET SW STE 102
AUBURN, Washington 98001

Respondents

---

**1.** Respondent **ZONES INC OF WASHINTON** is an **employer ZONES INC OF WASHINTON** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **ZONES INC** business as Co-Respondent(s).

**3**. Complainant **JAMES ARTHUR ORTEGA**, resides in the City of **BELLFLOWER,** State of **California.**

**4**. Complainant alleges that on or about **May 13, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's ancestry, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's ancestry, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), family care or medical leave (cfra) and as a result of the discrimination was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable

accommodation for a disability, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Additional Complaint Details:** Last day of work May 13, 2020
Harassment, retaliation, discrimination, wrongful termination based upon age and/or disability
Failure to accommodate and failure to engage in the interactive process

VERIFICATION

I, **Timothy Donahue**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On February 19, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Orange Ca**

21NWCV00105
Electronically FILED by Superior Court of California, County of Los Angeles on 02/22/2021 01:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Chanes,Deputy Clerk

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Timothy Donahue, Esq. (SBN: 110501)
LAW OFFICES OF TIMOTHY J. DONAHUE
374 South Glassell Street, Orange, CA 92866

TELEPHONE NO.: (714) 289-2445 FAX NO.: (714) 289-2450
ATTORNEY FOR (Name): Plaintiff, James Arthur Ortega,

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 12720 Norwalk Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Norwalk, CA 90650
BRANCH NAME: Norwalk Courthouse

CASE NAME:
James Arthur Ortega,v. Zones Inc.., et. al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 9
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 22, 2021
Timothy J. Donahue, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: James Arthur Ortega,v. Zones Inc.., et. al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: James Arthur Ortega,v. Zones Inc.., et. al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| James Arthur Ortega,v. Zones Inc.., et. al. | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment<br>(20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: James Arthur Ortega,v. Zones Inc.., et. al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 13915 Cerritos Corporate Drive Cerritos, CA 90703 |
|---|---|---|---|
| CITY: Cerritos | STATE: CA | ZIP CODE: 90703 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Norwalk Courthous courthouse in the Southeast District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 22, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Norwalk Courthouse
12720 Norwalk Blvd., Norwalk, CA 90650

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
02/22/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: E. Chanes Deputy

# NOTICE OF CASE ASSIGNMENT
## UNLIMITED CIVIL CASE

CASE NUMBER: 21NWCV00105

**Your case is assigned for all purposes to the judicial officer indicated below.**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Margaret Miller Bernal | F | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 02/23/2021 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By E. Chanes, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.