UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-05142 PA (MAAx) | Date | June 25, 2021 |
|---|---|---|---|
| Title | James Arthur Ortega v. Zones. Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Zones LLC and Rose Capistran ("Removing Defendants"). (Dkt. No. 1 ("Removal").) In their Notice of Removal, Removing Defendants assert that this Court has jurisdiction over the action brought by plaintiff James Arthur Ortega ("Plaintiff") against Removing Defendants and defendants Zones Inc., Ultipro Inc., Ultipro, The Ultimate Software Group Inc., UKG Inc, Nate McChesney, and Nathan Remaly based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-05142 PA (MAAx) | Date | June 25, 2021 |
|---|---|---|---|
| Title | James Arthur Ortega v. Zones. Inc., et al. | | |

1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

In the Notice of Removal, Removing Defendants allege that Plaintiff makes "no factual allegations in his Complaint against some of the non-moving defendants, and that "none of the claims which have been alleged against the individual defendants can be maintained against these individuals under substantive law." (Removal at 5.) At least on this record, the Court cannot conclude that Plaintiff will not be able to state viable claims against defendants Zones Inc., Ultipro Inc., The Ultimate Software Group Inc., UKG Inc., Nate McChesney, and Nathan Remaly. For example, Plaintiff alleges that all of the defendants were "joint employers" of Plaintiff when the alleged wrongful conduct occurred, and that Plaintiff was wrongfully terminated by these joint employers. (Id., Ex. A (Complaint).) At the very least, the Court cannot conclude that Plaintiff would not be granted leave to amend to validly state claims against at least some of the non-removing defendants. Thus, Removing Defendants have failed to meet their burden of establishing that the non-removing defendants were fraudulently joined. The Court

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-05142 PA (MAAx) | Date | June 25, 2021 |
|---|---|---|---|
| Title | James Arthur Ortega v. Zones. Inc., et al. | | |

will therefore not ignore these defendants' citizenship for purposes of evaluating whether diversity jurisdiction exists.

Because the Court cannot ignore the citizenship of defendants Zones Inc., Ultipro LLC, The Ultimate Software Group Inc., UKG Inc., Nate McChesney, and Nathan Remaly, the Court concludes that Removing Defendants have not established that the citizenship of these defendants is diverse from Plaintiff. In the Notice of Removal, Removing Defendants state they "are informed and believe that all named defendants are diverse to Plaintiff (as they are believed to be citizens of Illinois, Oregon, Florida, and Delaware) and none are citizens of the state of California." (Removal at 5 (citing Decl. of Sarah Christenson ¶ 7 ("I have conducted a reasonable investigation into the citizenship of the defendants who have not been served. My investigation reflects that none of the other named defendants in this action are domiciled in or citizens of California. Rather, they are believed to be citizens of Illinois, Oregon, Florida, and Delaware.").)

Removing Defendants do not affirmatively allege the citizenship of each of the non-moving defendants as required to establish complete diversity. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding that defendant failed to plead diversity jurisdiction when it did not "affirmatively allege the state of citizenship of corporate defendants" but rather "merely alleged that they were not citizens of California"); Caruso Affiliated Holdings, LLC v. Allied World National Assurance Company, 19-cv-06772, 2019 WL 8886086, at *2 (C.D. Cal. Sept. 23, 2019) ("Defendant's conclusory statements that none of the partners are from New Hampshire, Pennsylvania, or New York are not sufficient to allege diversity jurisdiction."); Matrix International Textile, Inc. v. DMD International, Ltd., 12-cv-5023, 2012 WL 12903645, at *1 (C.D. Cal. July 31, 2012) ("As to the citizenship of DMD LLC and JC LLC, Defendants have only stated that 'the members of [DMD LLC] are all citizens and residents of the state of New York. . . . In this Court's view, Defendant cannot sufficiently demonstrate the citizenship of the members of a limited liability company (or partnership) without alleging who those members are, so that the Court can determine whether the members themselves are limited liability companies (or partnerships).").

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). The Court concludes that Removing Defendants have not adequately established the Court's subject matter jurisdiction over this action.

For all of the foregoing reasons, Removing Defendants have failed to meet their burden of demonstrating the Court's diversity jurisdiction. Accordingly, the Court remands this action for lack of subject matter jurisdiction to the Los Angeles Superior Court, Case No. 21NWCV00105. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.